UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

CASE NUMBER: 19-CV-63067

LINDA CAMPBELL,

        Plaintiff,

vs.

BOIES, SCHILLER, & FLEXNER LLP,

        Defendant.

_____/

AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

Plaintiff, **LINDA CAMPBELL ("CAMPBELL")**, files this Amended Complaint and Demand for Jury Trial and sues the Defendant, **BOIES, SCHILLER, & FLEXNER, LLP**, for violations of the Age Discrimination in Employment Act (ADEA), for age discrimination, and Americans with Disabilities Act (ADA) and states as follows:

### JURISDICTION

This Court has jurisdiction over the subject matter of this lawsuit under the Age Discrimination Employment Act, (ADEA), 29 USC Section 621 et seq and the Americans With Disabilities Act, (ADA) Section 12101 et seq.;

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhausted her administrative remedies. She filed a timely complaint with the

EEOC and filed her lawsuit in a timely fashion after obtaining a Right to Sue Letter.

## I.
## INTRODUCTION

**CAMPBELL** was discriminated and retaliated against based on age in violation of the Age Discrimination in Employment Act of 1967, as amended and based on disability in violation of the American with Disabilities Act, as amended.

## II.
## THE FACTS

1. **CAMPBELL** was hired by **BOIES, SCHILLER, & FLEXNER, LLP**, in October 2007, where she worked as a Legal Assistant;

2. Plaintiff suffers from Generalized Anxiety Disorder;

3. Plaintiff's disorder qualifies as a disability;

4. Plaintiff's disability affects her major life's functions.

5. Among the major life functions affected by her disability, include, but are not limited to interacting with others, learning new techniques, speaking in front of others, performing manual tasks.

6. Plaintiff at all times was capable of performing the essential requirements of her job;

7. **BOIES, SCHILLER, & FLEXNER, LLP** was aware of her disability;

8. **BOIES, SCHILLER, & FLEXNER, LLP** subjected the Plaintiff to adverse employment because of her disability;

9. ln addition, **BOIES, SCHILLER, & FLEXNER, LLP** never provided the Plaintiff with a reasonable accommodation despite being obligated to do so;

10. Plaintiff requested reasonable accommodations such as a flex work schedule and limiting interactions with personnel who contributed to her anxiety and changing her work station;

1

11. **BOIES, SCHILLER, & FLEXNER**, did not provide any reasonable accommodations;

12. Plaintiff could have continued to perform her duties with any of these reasonable accommodations;

13. **BOIES, SCHILLER, & FLEXNER, LLP** replaced the Plaintiff with employees who do not suffer from a disability;

14. In addition, Plaintiff is over the age of 60;

15. There was no lawful basis for Plaintiff's termination and but for her disability Plaintiff would not have been terminated;

16. In addition, Plaintiff was fired, while multiple less qualified employees under age 40 were retained;

17. Specifically, a legal assistant for Lauren Alberstein, Keira (LNU) under age 40 and other employees in similar positions under age 40 were retained and not terminated.

## UNLAWFUL TERMINATION

18. **CAMPBELL** was terminated without cause on May 17, 2019, despite possessing an unblemished record throughout her employment at the **BOIES, SCHILLER, & FLEXNER, LLP**. However, younger employees under- the age of 40 were treated more favorably;

## COUNT I.
## DISCRIMINATION BASED ON AGE IN VIOLATION OF
## AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

19 Plaintiff re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff is a 70-year old female, and the Defendant willfully discriminated against the Plaintiff due to her age.

1

21. As a direct arid proximate result of said discrimination by **BOIES, SCHILLER, & FLEXNER, LLP**, Plaintiff has suffered damages

*WHEREFORE*, Plaintiff demands judgment for damages against **BOIES, SCHILLER, & FLEXNER, LLP**, including, but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT II
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

22. Plaintiff re-alleges paragraphs 1 through 21 above as if fully set forth herein;

23. Plaintiff is a qualified employee who suffers from a disability, and the employer willfully discriminated against the Plaintiff due to her disability;

24. The Defendant's employer took adverse action against her because of her disability;

25. Defendant fired her because of her disability;

As a result, Plaintiff has suffered permanent damages;

*WHEREFORE*, Plaintiff demands judgment for damages, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT III
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF AMERICANS WITH DISABILITIES ACT (FAILURE TO PROVIDE REASONABLE ACCOMMODATION)

1

26. Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein;

27. Plaintiff requested a reasonable accommodation for her disability;

28.  Defendant refused to provide a reasonable accommodation despite the fact that Plaintiff could have continued performing her job;

29. As a result, Plaintiff has suffered permanent damages;

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Michael A. Pizzi, Jr., Esq.
Florida Bar No. 079545
6625 Miami Lakes Drive - Suite 316
Miami Lakes, FL 33014
Telephone:     (305) 777-3800
Fax:               (305) 777-3802
E-Mail:          **mpizzi@pizzilaw.com**

By: *s/ Michael A. Pizzi, Jr.*
      **Michael A. Pizzi, Jr., Esq.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing Amended Complaint and Demand for Jury Trial was e-filed via the CM/ECF system and copies furnished electronically to all parties of record on this 5th day of March 2020.

By: ___ *s/ Michael A. Pizzi, Jr.*
      **Michael A. Pizzi, Jr., Esq.**

1